UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * *
ROBERT LEDERER,
    Plaintiff,

v.

JOHN SNOW, INC., et al.

    Defendants.
* * * * * * * * * * * * * * * *

CIVIL ACTION NO.

REQUEST FOR HEARING

04 10284 NG

### MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

This memorandum of law is submitted in support of Johns Hopkins University's (hereinafter "John Hopkins" or "the defendant") motion to dismiss.

**I.   THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

The defendant removed this case from the Massachusetts Superior Court pursuant to 28 U.S.C. 1332. The defendant contends that the single count of the plaintiff's Complaint fails to state a claim upon which relief may be granted. In cases removed from state court, the adequacy of pleadings is measured by the federal rules. *Hanna v. Plumer*, 380 U.S. 460 (1965); *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.1985).

When presented with a motion to dismiss, the court must accept as true all of the allegations set forth in the Complaint as well as all reasonable inferences that may be drawn from the Complaint that are favorable to the nonmoving party. **LaChapelle v. Berkshire Life Ins. Co.**, 142 F.3d 507, 508 (1st Cir.1998); accord, **Harhen v. Brown**, 46 Mass. App. Ct. 793, 795 (1999). The court can dismiss a Complaint for failure to state a claim "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." **Berezin v. Regency Sav. Bank**, 234 F.3d 68, 70 (1st Cir.2000).

The plaintiff seeks to recover under a breach of contract theory. To state a claim for breach of contract, the plaintiff must allege "that there was a valid contract, that the defendant breached its duties under the contractual agreement, and that the breach caused the plaintiff damage." **Guckenberger v. Boston Univ.**, 957 F. Supp. 306, 316 (D. Mass. 1997). See also **Doyle v. Hasbro, Inc.**, 103 F.3d 186, 194 (1st Cir.1996); **Lafayette Place Assoc. v. Boston Redevelopment Auth.**, 427 Mass. 509, 517 (1998).

Under Count I of the plaintiff's Complaint, the plaintiff alleges "by failing to allow Plaintiff to return to Romania in January 2001, Defendants breached their contract with Plaintiff." (Plaintiff's Complaint, ¶26). The plaintiff fails to identify the contract and fails to identify what the defendants did to cause the alleged

breach. The plaintiff has not alleged with specificity the terms of the contract, its duration, when it was entered into, or the obligations on the parties. The allegations in the plaintiff's Complaint fail to "state with substantial certainty the facts showing the existence of the contract and the legal effect thereof." *Doyle*, **supra**, at 194. The bare and unsupported allegations that the "Defendants breached their contract with the Plaintiff" (Plaintiff's Complaint, ¶26) fail to conform to this court's liberal rules of pleading. *Id.* The court should therefore dismiss the plaintiff's Complaint.

Wherefore, the defendant requests that this court grant the defendant's Fed. R. Civ. P. 12(b)(6) Motion.

## II.  FULL PERFORMANCE

To the extent that the court is of the opinion that the plaintiff has pled a breach of contract action with sufficient detail, an examination of Exhibit B attached to the plaintiff's Complaint reveals a lack of breach. The defendant is left with the reasonable assumption that the contract is the Letter Agreement that the plaintiff attached as "Exhibit B".[1] That Letter Agreement, dated

---

[1] An examination of the document is appropriate, and by doing so, the court does not convert this Motion to Dismiss into a Motion for Summary Judgment. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993); *Citicorp North America, Inc. v. Ogden*, 8 F. Supp.2d 72, 74 (D. Mass. 1998).

November 27, 2000, and signed by the plaintiff on December 1, 2000, confirmed the plaintiff's "short-term appointment as a consultant . . . " The contract was noted to be a "short-term appointment as a consultant". The contract began on December 1, 2000 and ended on December 17, 2000. Consistent with the Letter Agreement, the plaintiff traveled to Romania and was paid by the defendants. (Plaintiff's Complaint). No reference is made to any extension of the agreement beyond December 17, 2000. The plaintiff's attempt to inject conditions into the agreement beyond December 17, 2000 are not part of the unambiguous agreement and thus are not relevant. As the First Circuit has noted, "under Massachusetts law, interpretation of a contract is ordinarily a question of law for the court. Only if the contract is ambiguous is there an issue of fact for the jury. Moreover, where the contract is unambiguous, it is to be enforced according to its terms. ***Fairfield 274-278 Clarendon Trust v. Dwek***, 970 F.2d 990, 993 (1st Cir. 1992).

There is no ambiguity in the language of Exhibit B. It is noted to be a "short term appointment"; for "professional services in Romania for the period of December 4, 2000 to December 17, 2000"; and the consultant work had to be completed "within the specified time frame(s)". Exhibit B is not ambiguous in its terms, and has no language that could be interpreted as extending the agreement beyond December 17, 2000.

When the Letter Agreement is read in conjunction with the plaintiff's Complaint it conclusively establishes the lack of entitlement to any relief. See e.g., **Hoosier Energy Rural Elec. Co- op., Inc. v. Amoco Tax Leasing Corp.**, 34 F.3d 1310, 1318 n.4 (7th Cir. 1994). Therefore, this court should dismiss the plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). **Doyle, supra,** at 194; **Palda v. General Dynamics Corp.** 47 F.3d 872, 876 (7th Cir. 1995).

For all of the reasons stated above, the defendant respectfully requests that the court allow the Motion to Dismiss.

JOHNS HOPKINS UNIVERSITY
By its attorney,

_____
John F. Rooney, III, BBO#426895
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

Dated: February 10, 2004

I hereby certify that I have made service of the foregoing document in accordance with the provisions of Fed R. Civ. P 6.