UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DR. ROBERT LEDERER,
    Plaintiff,

v.

JOHN SNOW, INC. and
THE JOHN HOPKINS UNIVERSITY/
CENTER FOR COMMUNICATION
PROGRAM,
    Defendants.

CIVIL ACTION NO.
04-CV-10284-NG

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND JURY CLAIM OF THE DEFENDANT, THE JOHN HOPKINS UNIVERSITY/CENTER FOR COMMUNICATION PROGRAM, TO THE PLAINTIFF'S COMPLAINT

The defendant, The John Hopkins University/Center for Communication Programs, in the above-captioned matter, hereby makes this its answer to the plaintiff's complaint.

### FIRST DEFENSE

1. The defendant Center for Communication Programs is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiff to prove the same.

2. The defendant Center for Communication Programs is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and calls upon the plaintiff to prove the same.

3. The defendant Center for Communication Programs admits the allegations in paragraph 3.

### FACTS

4. The defendant Center for Communication Programs admits that it provides research and consulting services in the health care and service sectors. It is presently without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and calls upon the plaintiff to prove the same.

5. The defendant Center for Communication Programs is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and calls upon the plaintiff to prove the same.

6. The defendant Center for Communication Programs admits that it worked on the Women's Reproductive Health Initiative in Romania and is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and calls upon the plaintiff to prove the same.

7. The defendant Center for Communications Programs denies the allegations contained in paragraph 7.

8. The defendant Center for Communication Programs denies the allegations contained in paragraph 8.

9. The defendant Center for Communication Programs admits that its representatives discussed the plaintiff's involvement as a short-term consultant in Romania with plaintiff, but denies the remaining allegations contained in paragraph 9.

10. The defendant Center for Communication Programs admits that the Plaintiff came to Baltimore, Maryland in October 2000, but denies the remaining allegations contained in paragraph 10.

11. The defendant Center for Communication Programs denies the allegations contained in paragraph 11.

12. The defendant Center for Communication Programs admits it informed the plaintiff about the short-term agreement from December 4, 2000 to December 17, 2000.

13. The defendant Center for Communication Programs is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and calls upon the plaintiff to prove the same.

14. The defendant Center for Communication Programs admits that on November 27, 2000 the defendant confirmed that it had confirmed the plaintiff's short-term appointment as a consultant for the period from December 4 to December 17, 2000  The defendant Center for Communication Programs denies the remaining allegations in paragraph 14.

15. The defendant Center for Communication Programs is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and calls upon the plaintiff to prove the same, except that the defendant denies that the period referenced in paragraph 15 was "the initial phase of the project."

16. The defendant Center for Communication Programs denies the allegations contained in paragraph 16.

17. The defendant Center for Communication Programs denies the allegations contained in paragraph

18. The defendant Center for Communication Programs admits that the plaintiff was to provide a trip report. The defendant denies the remaining allegations contained in paragraph 18.

19. The defendant Center for Communication Programs denies the allegations contained in paragraph 19.

20. The defendant Center for Communication Programs denies the allegations contained in paragraph 20.

21. The defendant Center for Communication Programs is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and calls upon the plaintiff to prove the same.

22. The defendant Center for Communication Programs denies the allegations contained in paragraph 22.

23. The defendant Center for Communication Programs is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and calls upon the plaintiff to prove the same.

24. The defendant Center for Communication Programs denies the allegations contained in paragraph 24 directed to The John Hopkins University/Center for Communication Programs.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## COUNT I

25. The defendant incorporates herein by reference its answers to paragraphs 1 through 24 and makes them its answer to paragraph 25 of Count I.

26. The defendant denies the allegations contained in paragraph 26 of Count I directed to The John Hopkins University/Center for Communication Programs.

27. The defendant denies the allegations contained in paragraph 27 of Count I directed to The John Hopkins University/Center for Communication Programs.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

## SECOND DEFENSE

And further answering, the defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

## THIRD DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FOURTH DEFENSE

And further answering, the defendant says that the cause of action is barred by reason of the Statute of Limitations.

## FIFTH DEFENSE

And further answering, the defendant says that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

## SIXTH DEFENSE

And further answering, the defendant says that if there were agreements between the parties, said agreements have been rescinded.

## SEVENTH DEFENSE

And further answering, the defendant says that if there were monies owed between the parties, the debts have been satisfied.

## EIGHTH DEFENSE

And further answering, the defendant says that the contract relied upon by the plaintiff was a short-term agreement of which no breach occurred.

## NINTH DEFENSE

And further answering, the defendant says that the plaintiff affirmatively withdrew from the project and therefore there was no breach of contract.

## JURY CLAIM

THE DEFENDANT HEREBY MAKES CLAIM FOR A TRIAL BY JURY.

The John Hopkins University/
Center for Communication Programs

By its attorney,

*/s/ John F. Rooney*
John F. Rooney, III
BBO #426895
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

Date: 3/23/04

I hereby certify that I have made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.