UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSCHUSTTS

| | |
|---|---|
| DR. ROBERT LEDERER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SNOW, INC. AND<br>THE JOHNS HOPKINS UNIVERSITY<br>CENTER FOR COMMUNICATION<br>PROGRAMS,<br><br>Defendants. | CIVIL ACTION NO.<br>04-CV-10284-NG |

### ANSWER OF DEFENDANT, JOHN SNOW, INC.
### AND DEMAND FOR JURY TRIAL

Defendant, John Snow, Inc. ("JSI"), hereby answers plaintiff's complaint as follows:

### Answer

1.  JSI is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

2.  Admitted.

3.  JSI is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

### FACTS

4.  JSI admits that it provides research and consulting services in the health care and service sectors, and that it conducts projects in many countries throughout the

world. JSI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

5. Admitted.

6. Admitted.

7. JSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. JSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. JSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. JSI admits that plaintiff came to Baltimore, Maryland in October 2000, but denies the remaining allegations in this paragraph.

11. JSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. The e-mail dated November 20, 2000 is in writing and speaks for itself.

13. JSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. The correspondence dated November 22, 2000 is in writing and speaks for itself. JSI denies the remaining allegations in this paragraph.

15. JSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Denied.

17. The December 18, 2000 e-mail is in writing and speaks for itself.

18. JSI admits that plaintiff was to provide a trip report. JSI denies the remaining allegations in this paragraph.

19. Denied.

20. JSI admits that Plaintiff was asked by Ken Olivola of JSI to meet with him in Boston in late January 2001. JSI denies the remaining allegations in this paragraph.

21. JSI admits on or about January 22, 2001, Plaintiff came to Boston and met with Mr. Olivola of JSI. JSI denies the remaining allegations in this paragraph.

22. Denied.

23. Denied.

24. Denied.

## COUNT I
## BREACH OF CONTRACT

25. JSI repeats and incorporates by reference it responses to the foregoing paragraphs.

26. Denied.

27. Denied.

### Affirmative and Other Defenses

JSI asserts the following affirmative and other defenses to the Complaint and in that regard repeats and incorporates the foregoing paragraphs, and further alleges and asserts as follows:

### FIRST DEFENSE

Plaintiff has failed to state a cause of action in his Complaint for which relief can be granted. Federal Rules of Civil Procedure 12(b)(6).

## SECOND DEFENSE

Plaintiff, by his conduct and actions and/or the conduct and actions of his agents and servants, is estopped to recover any judgment against JSI.

## THIRD DEFENSE

Plaintiff, by his actions and/or by the conduct and actions of his agents, has waived any and all rights he may have had against JSI, and, therefore, the plaintiff cannot recover in this action.

## FOURTH DEFENSE

Plaintiff's claims are barred by the failure of consideration.

## FIFTH DEFENSE

Plaintiff's claims have been compromised by an accord and satisfaction of the plaintiff's complaints, such that the plaintiff's claims have been extinguished.

## SIXTH DEFENSE

Plaintiff's claim is barred by the statute of frauds.

## SEVENTH DEFENSE

Plaintiff is not entitled to recover because plaintiff failed to mitigate his damages.

## EIGHTH DEFENSE

The contract relied upon by the plaintiff was a short-term agreement of which no breach of contract occurred.

## NINTH DEFENSE

Assuming there existed the alleged contract(s) between plaintiff and JSI, which is denied, Plaintiff did not comply with the conditions and requirements of the contract(s) alleged in the Complaint and, therefore, plaintiff cannot recover in this action.

## TENTH DEFENSE

Assuming there existed the alleged contract(s) between plaintiff and JSI, which is denied, plaintiff is barred from recovery by reason of his breach thereof.

## ELEVENTH DEFENSE

The acts complained of were not committed by a person and/or entity for whose conduct JSI was legally responsible.

## TWELTH DEFENSE

The cause of action is barred by reason of the Statute of Limitations.

## THIRTEENTH DEFENSE

To the extent that JSI had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

## FOURTEENTH DEFENSE

If there were agreements between the parties, said agreements have been rescinded.

## FIFTEENTH DEFENSE

If there were monies owed between the parties, the debts have been satisfied.

## SIXTEENTH DEFENSE

The plaintiff affirmatively withdrew from the project and, therefore, there was no breach of contract.

**Prayer For Relief**

WHEREFORE, JSI prays that the within Complaint be dismissed, and that JSI have its costs and attorneys' fees and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

JSI demands trial by jury on all applicable issues.

                                        JOHN SNOW, INC.
                                        By their Attorneys,

                                        /s/ Andrew F. Caplan
                                        Andrew F. Caplan, BBO # 564127
                                        Thomas T. Reith, BBO #648671
                                        Perkins Smith & Cohen LLP
                                        One Beacon Street, 30th Floor
                                        Boston, MA  02108
                                        (617) 854-4000

Dated: March 25, 2004

7409-1-Answer