UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * *
                                 *
DR. ROBERT LEDERER,              *
        Plaintiff,               *
                                 *
v.                               *
                                 *        CIVIL ACTION NO.
                                 *        04-10284-NG
JOHN SNOW, INC. and              *
THE JOHN HOPKINS UNIVERSITY/     *
CENTER FOR COMMUNICATION         *
PROGRAM,                         *
        Defendants.              *
                                 *
* * * * * * * * * * * * * * * * *
```

## JOHNS HOPKINS UNIVERSITY/CENTER FOR COMMUNICATION'S RENEWED MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 37(d), the defendant, Johns Hopkins University/Center for Communications (hereinafter "JHU") hereby moves that this matter be dismissed for failure of the plaintiff to comply with appropriate discovery.

This action relates to an alleged breach of contract between the plaintiff and the defendants relating to consulting work the plaintiff was to perform for a project the defendants were conducting in Romania entitled "Romania Family Health Initiative." The plaintiff is alleging that the defendants breached a contract the parties entered into for the plaintiff to perform consulting work with the project in 2001. The defendants deny the existence of a contract with the plaintiff beyond consulting with the project for an agreed short term basis of fourteen (14) days commencing December 4, 2000.

The defendant incorporates by reference its previous motion to dismiss which was withdrawn by agreement of the parties and the Court at the last status conference of January 31, 2005 (attached hereto as Exhibit A). At that status conference, the Court set the following deadlines: 1) plaintiff provide written discovery responses by February 11, 2005 (for which the plaintiff complied); and 2) the plaintiff's deposition shall be completed by March 2, 2005. The plaintiff's deposition commenced on December 2, 2004. However, it was not completed. The plaintiff agreed to appear for the completion of his deposition before it was suspended..

Since the last status conference, JHU has continued in their efforts to complete the plaintiff's deposition, including contact with the plaintiff's attorney looking for dates to schedule the completion of the plaintiff's deposition. No dates were provided to the defendants and the plaintiff was not produced within the time period mandated by this Court.

If a party fails to appear for their deposition, the Court may order the dismissal of the action pursuant to F.R.C.P. 37(d) and (b)(2)(C). Such a sanction is appropriate in this case[1]. The importance of Rule 37 sanctions in controlling discovery process is well established in this Circuit. ***Fashion House, Inc. v. K Mart Corp.***, 892 F.2d 1076, 1082 (1st Cir. 1989)("If trial courts are disabled from combating serious, deliberate discovery abuses by measures which, albeit severe, reasonably fit the crime, then the inmates will be left in charge of the institution.")

---

[1] See ***Young v. Gordon***, 330 F.3d 76, 83 (1st Cir. 2003) ("Sanctions often are intended to do more than calibrate the scales between a particular plaintiff and a particular defendant. One principal purpose is to deter others from similar misconduct....When a party flouts a time-specific order, that purpose is frustrated unless the court sends a strong signal. Imposing a meaningful sanction delivers just such a message."

In this instance, the plaintiff has failed to provide dates for completion of his deposition, despite numerous attempts by counsel for JHU and this Court to seek compliance. The only appropriate sanction is the dismissal of the plaintiff's complaint.

WHEREFORE, the defendant, Johns Hopkins University/Center for Communication, prays for the above-requested relief.

>Johns Hopkins University/
>Center for Communication Programs,
>
>By their attorney,
>
>*/s/ John F. Rooney, III*
>John F. Rooney, III
>BBO# 426895
>Robert W. Healy
>BBO# 630714
>Melick, Porter & Shea, LLP
>28 State Street
>Boston, MA 02109-1775
>(617) 523-6200

Dated: March 3, 2005

I hereby certify that I have made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * *
                                   *
DR. ROBERT LEDERER,                *
      Plaintiff,                   *
                                   *
v.                                 *
                                   *        CIVIL ACTION NO.
                                   *        04-10284-NG
JOHN SNOW, INC. and                *
THE JOHN HOPKINS UNIVERSITY/       *
CENTER FOR COMMUNICATION           *
PROGRAM,                           *
      Defendants.                  *
                                   *
* * * * * * * * * * * * * * * * * *
```

## JOHNS HOPKINS UNIVERSITY/CENTER FOR COMMUNICATION'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 37(d), the defendant, Johns Hopkins University/Center for Communications (hereinafter "JHU") hereby moves that this matter be dismissed for failure of the plaintiff to comply with appropriate discovery.

This action relates to an alleged breach of contract between the plaintiff and the defendants relating to consulting work the plaintiff was to perform for a project the defendants were conducting in Romania entitled "Romania Family Health Initiative." The plaintiff is alleging that the defendants breached a contract the parties entered into for the plaintiff to perform consulting work with the project in 2001. The defendants deny the existence of a contract with the plaintiff beyond consulting with the project for an agreed short term basis of fourteen (14) days commencing December 4, 2000.

On October 20, 2004, JHU served the plaintiff with Interrogatories and Requests for Production of Documents. To date, JHU has not received answers, nor responses to these discovery requests. Prior to the necessity of filing this motion, JHU undertook several efforts to ascertain the status of the plaintiff's discovery responses. (See various correspondence to the plaintiff attached hereto as **Exhibit A**). Finally, on January 10, 2005, JHU requested a Rule 37.1 Conference to narrow the scope of this discovery dispute. JHU received no response from the plaintiff (See JHU's letter to plaintiff's counsel dated January 10, 2005 attached hereto as **Exhibit B** and Affidavit of Attorney Robert W. Healy attached hereto as **Exhibit C**.)

Additionally, JHU has attempted to complete the plaintiff's deposition which was noticed and commenced on December 2, 2004. However, that deposition was suspended for various reasons. Since that time, counsel for JHU has attempted to obtain date(s) to complete the plaintiff's deposition within the applicable discovery deadlines established by this Court. JHU's counsel's inquiries to the plaintiff's counsel about dates to complete the plaintiff's deposition have gone unanswered.

## ARGUMENT

I. **THE PLAINTIFF'S COMPLAINT AS TO JHU SHOULD BE DISMISSED PURSUANT TO F.R.C.P 37(d)**

If a party fails to appear for their deposition, or to serve responses to Interrogatories after proper service of a notice, the Court may order the dismissal of the action pursuant to F.R.C.P. 37(d) and (b)(2)(C). Such a sanction is appropriate in this case[1]. The importance of Rule 37

---

[1] See *Young v. Gordon*, 330 F.3d 76, 83 (1st Cir. 2003) ("Sanctions often are intended to do more than calibrate the scales between a particular plaintiff and a particular defendant. One principal purpose is to deter others from similar misconduct....When a party flouts a time-specific order, that purpose is frustrated unless the court sends a strong signal. Imposing a meaningful sanction delivers just such a message."

sanctions in controlling discovery process is well established in this Circuit. ***Fashion House, Inc. v. K Mart Corp.***, 892 F.2d 1076, 1082 (1st Cir. 1989)("If trial courts are disabled from combatting serious, deliberate discovery abuses by measures which, albeit severe, reasonably fit the crime, then the inmates will be left in charge of the institution.")

In this instance, JHU served the plaintiff with notice of taking deposition and Interrogatories. The plaintiff has failed to answer the interrogatories and has failed to provide dates for completion of his deposition, despite numerous attempts by counsel for JHU to seek compliance. See Exhibits A and B.

Compounding this problem is the expiration of the discovery deadline, which has already been extended once at the plaintiff's request due to his experience of losing his home in Florida following a hurricane this past fall. The plaintiff offers no excuse and indeed has no reasonable justification for his utter failure to comply with the discovery requests. Under the circumstances, the only appropriate sanction os the dismissal of the plaintiff's complaint.

II. **IN THE ALTERNATIVE, AN ORDER REFUSING THE PLAINTIFF TO PRESENT EVIDENCE OR CLAIMS SHOULD BE ENTERED.**

If the Court is not inclined to order dismissal, at a minimum the plaintiff should be precluded from offering evidence to support a claim of contract and any evidence beyond that already tendered in discovery. Pursuant to Fed. R. Civ. P. 37(b)(2)(B) and Fed. R. Civ. P. 37(d), the Court may refuse to allow the plaintiff to introduce evidence which allegedly supports his claims. See ***Ortiz-Lopez v. Sociedad Espanola de Auxilio,*** 248 F.3d 29, 35 (1st Cir. 2001). Here the plaintiff should be precluded in offering any evidence beyond his answers in the partial

deposition or documents produced to date. Additionally, this Court should issue an Order pursuant to Fed. R. Civ. P. 37 (b)(2)(A) which establishes that the plaintiff had a fourteen day, short-term consulting appointment with JHU as JHU contends, and not a contract for services lasting approximately one year.

    WHEREFORE, the defendant, Johns Hopkins University/Center for Communication, prays for the above-requested relief.

> Johns Hopkins University/
> Center for Communication Programs,
>
> By their attorney,
>
> /s/ John F. Rooney, III /MK
> John F. Rooney, III
> BBO# 426895
> Melick, Porter & Shea, LLP
> 28 State Street
> Boston, MA 02109-1775
> (617) 523-6200

Dated: January 28, 2005

I hereby certify that I have made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.

# EXHIBIT A

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Two Richmond Square - Suite 104
Providence, Rhode Island  02906
(401) 941-0909
Fax (401) 941-6269

65 Main Street
Plymouth, Massachusetts  02360
(508) 746-5976

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Carly K. Wee *(NY)
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
John E. DeWick
Matthew Grygorcewicz
Margaret M. Carleen
Cheryl Mancuso
Kerry D. Florio
Paul T. Tetrault
Jessica M. Farrelly *(FL)
Stephen D. Eldridge

Of Counsel
Thomas W. Porter, Jr.

*Also Admitted

November 29, 2004

**BY FACSIMILE (781) 863-0046**
David B. Stein, Esquire
Rubin, Weisman, Colasanti, Kajko & Stein, LLP
430 Bedford Street
Lexington, MA 02420

Re:   *Lederer v. Johns Hopkins University, et al*
      *United States District Court 04-CV-10284-NG*

Dear Attorney Stein:

I am following up on my October 12, 2004 letter to you. To date, I have not received your client's Initial Disclosures. Pursuant to Local Rule 26.2, before a party may initiate discovery, that party must provide the other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1). In anticipation of your client's scheduled deposition on Thursday, December 2, 2004, would you please for Mr. Lederer's Initial Disclosures, as well as his Responses to Requests for Production of Documents and Answers to Interrogatories. Otherwise, it may make sense to reschedule Mr. Lederer's deposition until such discovery is provided.

Thank you for your cooperation.

Very truly yours,

*[signature]*

John F. Rooney, III
Robert W. Healy

cc.   Andrew F. Caplan, Esquire (by fax)

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Two Richmond Square - Suite 104
Providence, Rhode Island  02906
(401) 941-0909
Fax (401) 941-6269

65 Main Street
Plymouth, Massachusetts  02360
(508) 746-5976

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Carly K. Wee *(NY)
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
John E. DeWick
Matthew Grygorcewicz
Margaret M. Carleen
Cheryl Mancuso
Kerry D. Florio
Paul T. Tetrault
Jessica M. Farrelly *(FL)
Stephen D. Eldridge

Of Counsel
Thomas W. Porter, Jr.

*Also Admitted

December 1, 2004

**BY FACSIMILE (781) 863-0046**
David B. Stein, Esquire
Rubin, Weisman, Colasanti, Kajko & Stein, LLP
430 Bedford Street
Lexington, MA 02420

Re:   *Lederer v. Johns Hopkins University, et al*
      United States District Court 04-CV-10284-NG

Dear Attorney Stein:

This letter is to confirm that Mr. Lederer's deposition will go forward as scheduled tomorrow. Additionally, it is agreed that Mr. Lederer's deposition will be suspended to allow the parties to review the relevant documents and discovery responses you referenced. If in fact additional questioning is required, Mr. Lederer will be available some time in January. Please call me with any questions.

Very truly yours,

John F. Rooney, III
Robert W. Healy

cc.   Andrew F. Caplan, Esquire (by fax)

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Carly K. Wee *(NY)
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
John E. DeWick
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Paul T. Tetrault
Jessica M. Farrelly *(FL)
Stephen D. Eldridge

Of Counsel
Thomas W. Porter, Jr.

*Also Admitted

Two Richmond Square - Suite 104
Providence, Rhode Island  02906
(401) 941-0909
Fax (401) 941-6269

65 Main Street
Plymouth, Massachusetts  02360
(508) 746-5976

January 3, 2005

**BY FACSIMILE (781) 863-0046**
Mr. David B. Stein
RUBIN, WEISMAN, COLASANTI,
KAJKO & STEIN, LLP
430 Bedford Street
Lexington, MA 02420

Re:   *Dr. Robert Lederer v. John Snow, Inc., and the Johns Hopkins
      University / Center for Communication Programs*
      Civil Action No. 04-CV-10284-NG

Dear Attorney Stein:

As you know, a Status Conference in this case is scheduled for later this month. Accordingly, would you please contact me about dates to complete Mr. Lederer's deposition, as well as the status of his discovery responses.

Thank you for your attention to this matter.

Very truly yours,

*Robert W. Healy*
Robert W. Healy

cc.   Andrew F. Caplan, Esquire (by fax 617 854-4040)

# EXHIBIT B

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Two Richmond Square - Suite 104
Providence, Rhode Island 02906
(401) 941-0909
Fax (401) 941-6269

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Carly K. Wee *(NY)
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
John E. DeWick
Matthew Grygorcewicz
Margaret M. Carleen
Cheryl Mancuso
Kerry D. Florio
Paul T. Tetrault
Jessica M. Farrelly *(FL)
Stephen D. Eldridge

Of Counsel
Thomas W. Porter, Jr.

*Also Admitted

January 10, 2005

**BY FACSIMILE (781) 863-0046 &
FIRST CLASS MAIL**
David B. Stein, Esquire
Rubin, Weisman, Colasanti, Kajko & Stein, LLP
430 Bedford Street
Lexington, MA 02420

Re: *Lederer v. Johns Hopkins University, et al*
    United States District Court 04-CV-10284-NG

Dear Attorney Stein:

Pursuant to Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.1, please contact me to schedule a discovery conference to discuss the plaintiff's overdue discovery responses within the next seven days.

Thank you for your cooperation.

Very truly yours,

John F. Rooney, III
Robert W. Healy

cc: Andrew F. Caplan, Esquire (by fax)

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * *
                                   *
DR. ROBERT LEDERER,                *
        Plaintiff,                 *
                                   *
v.                                 *
                                   *           CIVIL ACTION NO.
                                   *           04-10284-NG
JOHN SNOW, INC. and                *
THE JOHN HOPKINS UNIVERSITY/       *
CENTER FOR COMMUNICATION           *
PROGRAM,                           *
        Defendants.                *
                                   *
* * * * * * * * * * * * * * * * * *
```

## AFFIDAVIT OF ROBERT W. HEALY

1. I make the following representations based upon personal knowledge.

2. I served the plaintiff's attorney with Interrogatories on behalf of Johns Hopkins University/Center for Communication Program on October 20, 2004.

3. As of this date my office has not received answers to those interrogatories.

4. The plaintiff's deposition was noticed and commenced on Thursday, December 2, 2004. The plaintiff's deposition was suspended that afternoon for reasons of timing and the non-production of documents.

5. My office has attempted to ascertain the status of the plaintiff's answers to interrogatories and obtain dates to complete the plaintiff's deposition without results.

6. On January 10, 2005, I forwarded a letter to plaintiff's counsel pursuant to Local Rule 37.1, in an attempt to narrow the scope of the above discovery dispute. I have not received a response from counsel.

Signed under the pains and penalties of perjury 20th day of January 2005.

_____
Robert W. Healy

2