# Exhibit A

```
                                    Volume:      I
                                    Pages:   1-120
                                    Exhibits:    1
```

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * *
                            *
DR. ROBERT LEDERER,         *
                            *
         Plaintiff          *
                            *  Civil Action
     VS                     *
                            *  No. 04-CV-10284-NG
JOHN SNOW, INC. and         *
THE JOHN HOPKINS UNIVERSITY/ *
CENTER FOR COMMUNICATION    *
PROGRAMS,                   *
                            *
         Defendants         *
                            *
* * * * * * * * * * * * * *
```

DEPOSITION of **DR. ROBERT LEDERER**, a witness called on behalf of the Defendants, taken pursuant to the Massachusetts Rules of Civil Procedure, before Arlene Boyer, a Professional Court Reporter and Notary Public, in and for the Commonwealth of Massachusetts, at the offices of Melick, Porter & Shea, LLP, 28 State Street, Boston, Massachusetts, 02109, on Thursday, December 2, 2004, commencing at 12:20 p.m.

2

**A P P E A R A N C E S**

ROBERT W. HEALY, ESQ.
Melick, Porter & Shea, LLP
28 State Street
Boston, Massachusetts 02109
(617) 523-6200
    Counsel for the Defendant,
    The John Hopkins University/
    Center for Communication Programs

ANDREW E. CAPLAN, ESQ.
Perkins, Smith & Cohen
One Beacon Street, 30th floor
Boston, Massachusetts 02108-3106
(617) 854-4000
    Counsel for the Defendant,
    John Snow, Inc.

DAVID B. STEIN, ESQ.
Rubin, Weisman, Colasanti,
Kajko & Stein, LLP
430 Bedford Street
Lexington, Massachusetts 02420
(781) 860-9500
    Counsel for the Plaintiff

4

## S T I P U L A T I O N S

It is hereby stipulated and agreed by and between counsel for the respective parties that the deponent shall have thirty (30) days in which to read and sign the transcript, under the pains and penalties of perjury, after which time it shall be deemed to have been signed, and that the certification, filing and sealing of the deposition transcript are waived.

It is further stipulated and agreed that all objections, except objections as to the form of the question, and all motions to strike, shall be reserved to the time of trial.

**ROBERT LEDERER**, first having been satisfactorily identified and duly sworn, on oath, deposes and says as follows:

### DIRECT EXAMINATION

BY MR. HEALY:

Q    Good afternoon, Mr. Lederer. I introduced myself to you earlier. My name is Robert Healy, and I'm here representing Johns Hopkins University. Just

```
 1    Q    What is that a tape recording of?
 2    A    Some messages left for me.
 3    Q    Who were those messages left by?
 4    A    One name I recall was Karen Angelici.
 5    Q    These were messages left on your answering
 6         machine in your home?
 7    A    Absolutely.
 8    Q    At this point in time --
 9    A    I haven't finished trying to recall the various
10         things.  So it's letters, e-mails, and -- yeah,
11         correspondences.
12    Q    Is it fair to say that those materials you've
13         just referenced are in your possession or your
14         attorney's possession, correct?
15    A    Absolutely.
16              MR. HEALY:  And there's an agreement
17         that at some point in time after reviewing those
18         documents, there would be a production of some of
19         those materials, correct?
20              MR. STEIN:  That's correct.
21              MR. CAPLAN:  And there's an agreement
22         for further deposition following --
23              MR. STEIN:  We have a full
24         understanding of that.
```

|    |   |                                                              |
|----|---|--------------------------------------------------------------|
| 1  |   | kind of trying experiences between the last time           |
| 2  |   | that I listened to it, parts of it, and what I've          |
| 3  |   | been through in the past three months now.                 |
| 4  | Q | Was the message from Johns Hopkins or John Snow?           |
| 5  | A | I believe it was from JHU.                                  |
| 6  | Q | It wasn't clear from your earlier testimony.               |
| 7  |   | Have you ever taken any notes of any                       |
| 8  |   | communications with John Snow or Johns Hopkins?            |
| 9  | A | I believe so.                                               |
| 10 | Q | Did you send any notes up to Mr. Stein?                    |
| 11 | A | I haven't really located those yet.                        |
| 12 | Q | Have you looked for them?                                   |
| 13 | A | Briefly.                                                    |
| 14 | Q | I'd ask that you make a thorough search of your            |
| 15 |   | records for any notes pertaining to any                    |
| 16 |   | communications or otherwise relevant to the case.          |
| 17 |   | Fair enough?                                                |
| 18 | A | Yes.                                                        |
| 19 |   | MR. CAPLAN: I just wanted to cover                          |
| 20 |   | that much today. We'll cover the rest next time.           |
| 21 |   |                                                              |
| 22 |   | (Whereupon, the deposition in the                          |
| 23 |   | above-entitled matter was suspended at 3:10 p.m.)          |
| 24 |   |                                                              |