UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * *
                                  *
DR. ROBERT LEDERER,               *
       Plaintiff,                 *
                                  *
v.                                *
                                  *           CIVIL ACTION NO.
                                  *           04-10284-NG
JOHN SNOW, INC. and               *
THE JOHN HOPKINS UNIVERSITY/      *
CENTER FOR COMMUNICATION          *
PROGRAM,                          *
       Defendants.                *
                                  *
* * * * * * * * * * * * * * * * * *
```

**MEMORANDUM OF DEFENDANT, JOHNS HOPKINS UNIVERSITY, IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

The defendant, Johns Hopkins University/Center for Communication Program ("Johns Hopkins"), submits this memorandum of law in reply to the opposition of the plaintiff, Dr. Robert Lederer, to the defendants' motions for summary judgment.

**I. Argument**

In his opposition to the defendants' summary judgment motions, the plaintiff does not dispute the fact that the written agreement he signed was expressly limited to a two-week period, nor does he dispute the fact that the defendants fully performed their obligations under that agreement. Instead, he claims that the written agreement was inconsistent with his prior discussions with representatives of Johns Hopkins and John Snow. He argues that this extrinsic

evidence is admissible, notwithstanding the parol evidence rule, because the written contract was not fully integrated. His argument is without merit.

It is true that, in appropriate circumstances, extrinsic evidence pertaining to negotiations may be admitted to assist the Court in determining whether the written agreement is a fully integrated expression of the parties' intentions. *Alexander v. Snell*, 12 Mass. App. Ct. 323, 324, 424 N.E.2d 262, 264 (1981).[1] Here, however, there can be no question that the agreement clearly and unambiguously sets forth the parties' intentions with regard to the duration of the plaintiff's employment. All of the material terms of the contract are fully set forth. On its face, it is a fully integrated agreement, and therefore extrinsic evidence should not be considered.[2] *See Commerce Bank & Trust Co. v. Hayeck*, 46 Mass. App. Ct. 687, 691, 709 N.E.2d 1122, 1126 (1999).

Even if the agreement were *not* fully integrated, the plaintiff could not rely upon parol evidence which directly contradicts the express language of the written contract. "Where extrinsic evidence is admitted to show the circumstances of the parties' negotiations of a contract, it may only be used 'for the purpose of elucidating, but not for contradicting or changing [the] terms [of the written agreement].'" *Tarantino v. Moore*, 64 Mass. App. Ct. 1110

---

[1] *See also Whitney v. Halibut*, 235 Md. 517, 527, 202 A.2d 629, 633 (1964); *Burgan v. Pines Co. of Georgia, Ltd.*, 382 So.2d 1295, 1296 (Fla. Dist. Ct. App. 1980). As discussed in Johns Hopkins' motion for summary judgment, this case is most likely governed by Maryland law, although both Massachusetts and Florida could be said to have some interest in the matter. The resolution of this question is not essential to the summary judgment motion, however, because the applicable law is consistent in all three states.

[2] The plaintiff notes that the assignment he was given as part of his "short-term appointment as a consultant" included a meeting with JSI and USAID Romania "to discuss scope of work for year 2001" (**Exhibit B** to Johns Hopkins University's Motion for Summary Judgment), and argues that this supports his contention that a longer term of employment was contemplated. In context, however, it is clear that the "scope of work" to be discussed was not the plaintiff's own assignment – which was expressly limited to the period from December 4 to December 17, 2000 – but the work of the Women's Reproductive Health Initiative.

(table), 2005 WL 2372765 (2005) (unpublished disposition), quoting *Robert Industries, Inc. v. Spence*, 362 Mass. 751, 753-754, 291 N.E.2d 407, 409 (1973). The Supreme Judicial Court has explained:

> When it is apparent that the writing contains only a part of the agreement and does not purport to set forth all its terms, or when it is a reasonable inference that it was not intended to be a full and final statement of the entire transaction, the existence of a separate agreement, *not inconsistent with its terms and relating to some subject on which the written agreement is silent*, may be shown by parol.

*Carlo Bianchi & Co., Inc. v. Builders' Equipment & Supplies Co.*, 347 Mass. 636, 644, 199 N.E.2d 519, 524-525 (1964), quoting *Glackin v. Bennett*, 226 Mass. 316, 319, 115 N.E. 490, 491 (1917) (emphasis supplied).[3] Here, the written agreement speaks directly to the term of the consulting appointment in unambiguous terms. The plaintiff is not attempting to supply additional terms as to which the agreement is silent. Rather, he is improperly seeking to disregard the terms of the written agreement altogether, in favor of his own testimony regarding purported discussions with the defendants' representatives. He should not be permitted to do so. Under Massachusetts law, the plaintiff's claim that the parties discussed a longer term of employment does not provide a valid basis for disregarding the written agreement.

---

[3]Under Maryland law, even if an agreement "were found not to be a fully integrated contract ... parol evidence could not be considered to vary or contradict its terms." *Tricat Industries, Inc. v. Harper*, 131 Md. App. 89, 109, 748 A.2d 48, 58 (2000). *See also Annapolis Mall Ltd. Partnership v. Yogurt Tree of Annapolis, Inc.*, 299 Md. 244, 251, 473 A.2d 32, 36 (1984) (parol evidence is "legally incompetent ... to prove that the agreement was contrary to that clearly expressed in the writing," even if agreement not integrated). Likewise, "even if the agreement were incomplete, Florida law 'does not permit proof of an oral agreement for the purpose of imposing a further contractual obligation on one of the parties, of which there is no indication or suggestion in the written contract, when such obligation is not only inconsistent with, but repugnant to, other plain terms of the instrument.'" *Ungerleider v. Gordon*, 214 F.3d 1279, 1285 (11th Cir., 2000), quoting *Florida Moss Products Co. v. City of Leesburg*, 93 Fla. 656, 661, 112 So. 572, 574 (1927).

## II. Conclusion

For the foregoing reasons, and for the reasons set forth in its motion for summary judgment and supporting memorandum and exhibits, the defendant, Johns Hopkins University/Center for Communication Program, respectfully requests that its motion be ALLOWED, and that summary judgment be entered in its favor.

        JOHNS HOPKINS UNIVERSITY/CENTER FOR
        COMMUNICATION PROGRAMS,
        By its attorneys,


        */s/ John F. Rooney, III*
        John F. Rooney, III, BBO #426895
        Michael R. Byrne, BBO #558899
        Robert W. Healy, BBO #630714
        MELICK, PORTER & SHEA, LLP
        28 State Street
        Boston, MA 02109
        (617) 523-6200

Date: October 14, 2005