UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DR. ROBERT LEDERER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04-cv-10284-JGD |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN SNOW, INC. AND | ) | |
| THE JOHNS HOPKINS UNIVERSITY | ) | |
| CENTER FOR COMMUNICATION | ) | |
| PROGRAMS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**REPLY OF JOHN SNOW, INC.
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant John Snow, Inc. submits this reply brief in further support of its motion

for summary judgment and in response to the plaintiff's opposition.

**Summary**

Summary judgment should be granted in favor of John Snow for two independent

reasons: (1) plaintiff's claim is barred by the parol evidence rule, and, (2) in any event, it

is undisputed that John Snow was not responsible to pay Lederer's salary for his

consultancy, as Lederer was a subcontractor to Johns Hopkins, not John Snow.[1]

---

[1]     Indeed, all of the facts set forth in John Snow's Statement of Material Facts pursuant to LR 56.1 should be deemed admitted both because Lederer's opposition does not contain the requisite "concise statement of material facts of record as to which it is contended that there exists a genuine issue to be tried…" LR 56.1, and because Lederer's summary judgment affidavit does not contradict any of the facts proffered by John Snow.

**Argument**

1.      **Plaintiff's Claim Is Barred By The Parol Evidence Rule.**

As demonstrated in Johns Hopkins' reply brief, which John Snow adopts and incorporates by reference, plaintiff's contract claim is barred by the parol evidence rule because it rests on evidence of an alleged oral agreement for a long term engagement even though plaintiff does not dispute the fact that the written agreement he signed was expressly limited to a two-week engagement.  Where, as here, all of the material terms are fully set forth in the written contract, the contract is fully integrated and extrinsic evidence is not admissible. (See Johns Hopkins' reply pp. 1-2).  Even if the contract were not fully integrated, plaintiff cannot rely on extrinsic evidence of an alleged long term agreement because such evidence directly contradicts the express language of the two week written contract. (Id. pp. 2-3).

2.      **Plaintiff's Contract Claim Fails Because John Snow Was Not Responsible To Pay His Salary.**

Plaintiff's opposition does not dispute the fact that John Snow was not responsible to pay his salary. (See John Snow's Statement of Material Undisputed Facts ¶18; see also id. ¶¶3, 11, 14; Memorandum Of Law In Support Of John Snow's Summary Judgment Motion pp. 8-9).  This makes perfect sense, as plaintiff likewise does not dispute the fact that he was hired as a subcontractor to Johns Hopkins, not John Snow.  (See John Snow's Statement of Material Undisputed Facts ¶¶3, 11, 14; Memorandum Of Law In Support Of John Snow's Summary Judgment Motion pp. 8-9).[2]  Therefore, even if the contract claim was not barred by the parol evidence rule, John Snow is entitled to summary judgment

---

[2]      Nor does Robert Lederer dispute the fact that John Snow fully reimbursed all the expenses he incurred on his short term engagement. (See John Snow's Statement of Material Undisputed Facts ¶17; Memorandum Of Law In Support Of John Snow's Summary Judgment Motion pp. 8-9).

based on the undisputed fact that John Snow had no contractual obligation to pay Robert

Lederer's salary.

**Conclusion**

For the foregoing reasons, and for the reasons set forth in its summary judgment

motion and supporting memorandum and exhibits, John Snow, Inc. requests that its

summary judgment motion be allowed.


JOHN SNOW, INC.

By its attorney,


/s/ Andrew F. Caplan
Andrew F. Caplan, BBO #564127
Perkins Smith & Cohen LLP
One Beacon Street, 30th Floor
Boston, MA  02108
Dated: October 20, 2005            (617) 854-4000


7409-1-SJ Reply JSI.doc